IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Royal Alliance Associates, Inc., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. _____ |
| Jacqueline E. Eisenberg, | : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Royal Alliance Associates, Inc. ("Royal Alliance"), by and through its counsel, respectfully submits this Complaint for Declaratory and Injunctive Relief against Defendant Jacqueline E. Eisenberg ("Defendant"), pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 57 and 65. Royal Alliance alleges as follows:

### NATURE OF THE ACTION

1. This action seeks a declaration that Royal Alliance cannot be compelled to arbitrate any claims that have been asserted by the Defendant against Royal Alliance before a FINRA Dispute Resolution arbitration panel (the "Arbitration") because there is no arbitration agreement between the parties, nor any FINRA rule compelling arbitration of the controversy. The Defendant has never been a customer of Royal Alliance, has never held any investments with, and never purchased any investments through Royal Alliance. There are no written agreements whatsoever between Royal Alliance and the Defendant.

2. The Defendant nevertheless has filed a FINRA arbitration claim against Royal Alliance, alleging breach of fiduciary duty, failure to supervise, common law fraud, and state and federal law securities violations.

3. The Defendant's claims in the Arbitration arise out of her alleged purchase of shares in the Draseena Three Oaks Senior Strength Fund and the Draseena Conservium Fund, L.L.C.  None of these purchases were purchased through Royal Alliance or held in any account at Royal Alliance.

4. Defendant was never a customer of Royal Alliance.  She had no transactions with Royal Alliance involving either the transactions at issue in this matter or any other transactions. Defendant merely alleges that an independent contractor of Royal Alliance made representations to her upon which she relied and acted.  However, as alleged by Defendant, those representations did not result in any purchase or sale occurring through or from Royal Alliance.

5. The Defendant apparently contends in the Arbitration that Royal Alliance nevertheless is liable to them and required to arbitrate their claims against Royal Alliance through FINRA.

6. This Court's intervention, in the form of declaratory and injunctive relief, is necessary to save Royal Alliance from incurring irreparable harm by being forced to defend arbitration claims that it never agreed to arbitrate.

**THE PARTIES**

7. Royal Alliance is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in New York, New York.  Royal Alliance is a registered securities broker-dealer and is a member of the Financial Industry Regulatory Authority ("FINRA").

8. On information and belief, Defendant is a resident of the State of Delaware.

**JURISDICTION AND VENUE**

9. This is an action brought pursuant to 28 U.S.C. § 2201 for declaratory relief and to obtain a preliminary and permanent injunction concerning the Arbitration pending in FINRA Dispute Resolution, styled; *In the matter of the arbitration between: Jacqueline E. Eisenberg v. Emanuel L. Sarris, Sr., Anthony J. Sarris, First Financial Resources, Inc., Sarris Financial Group, Inc., Sarris/First Finance, and Royal Alliance Associates, Inc.*, FINRA Arbitration No.: 11-04363.

10. This Court has exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 in that the Complaint states an action based upon a federal question relating to the Securities Exchange Act of 1934 and there is complete diversity of citizenship between Royal Alliance and the Defendant.

11. The amount in controversy exceeds $75,000 because this action involves underlying arbitration claims in which the Defendant seeks over $3,500,000.00 in damages against Royal Alliance.

12. Personal jurisdiction over the Defendant is proper because the Defendant has initiated the Arbitration within the State of Delaware and, therefore, has purposefully availed herself of the laws of Delaware.

13. Venue is proper in this District because the Defendant resides in this District and because the Arbitration is pending in this District.

**FACTUAL BACKGROUND**

14. On October 21, 2011, Defendant filed a "Statement of Claim" with FINRA Dispute Resolution, thus initiating the Arbitration. *See* Statement of Claim, FINRA Dispute Resolution Arbitration Number 11-03710 (attached hereto as Exhibit "A"). The claim against

3

Royal Alliance alleges that Defendant invested in funds managed by The Draseena Fund Group based on advice from an independent contractor (Anthony J. Sarris) and an unaffiliated individual (Emanuel L. Sarris).  (*Id.* at ¶¶14-19.)

15.   The Defendant does not allege to have been, and in fact has never been, a customer of Royal Alliance.  Any statements or omissions made in connection with the investment at issue, as well as the actual purchase of the investment, never occurred at Royal Alliance or was ever subsequently held at Royal Alliance.

16.   There is no written arbitration agreement between Royal Alliance and the Defendant.  The only basis for FINRA arbitration would be customer status pursuant to FINRA Rule 12200.

17.   FINRA Code of Arbitration Procedure Rule 12200, entitled "Arbitration Under an Arbitration Agreement or the Rules of FINRA," provides in relevant part:

Parties must arbitrate a dispute under the Code if:

- Arbitration under the Code is either:
    (1) Required by a written agreement, or
    (2) Requested by the customer;
- The dispute is ***between a customer and a member or associated person of a member;*** and
- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

FINRA Code of Arbitration Procedure for Customer Disputes Rule 12200 (emphasis added); *see also* former Rule 10301 (any dispute "between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons" must be resolved via arbitration, only if the parties have entered into an agreement that includes such an arbitration provision, or if the customer demands arbitration).

18. The Defendant is not a "customer" of Royal Alliance within the meaning of the FINRA arbitration rule.

19. Defendant does not allege that she opened an account with Royal Alliance, or that she made any purchase or sale through Royal Alliance.

20. Defendant has never held any securities account or had any written agreements with Royal Alliance. The Defendant does not allege otherwise in the Arbitration.

21. Royal Alliance is not a party to any arbitration agreement with the Defendant.

22. Royal Alliance has never had any direct or indirect communication with Defendant, either before the purchase transaction or after it.

23. Despite the absence of an arbitration agreement or even any relationship between Royal Alliance and Defendant, and despite the fact the Defendant is not a customer of Royal Alliance, Defendant is attempting to proceed with claims against Royal Alliance in an arbitration forum.

24. Royal Alliance does not agree to voluntarily submit to arbitration of the Defendant's claims and expressly reserves all of its legal and equitable rights, claims, remedies, and defenses against the Defendant and any other potentially relevant person or entity.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief and Injunction)**

25. Royal Alliance hereby incorporates by reference the allegations contained in the foregoing paragraphs.

26. An actual controversy has now arisen between the Defendant and Royal Alliance relating to the arbitrability of Defendant's claims against Royal Alliance in the Arbitration. Defendant contends that Royal Alliance is required to submit to arbitration and to assert and litigate its defenses in the FINRA arbitration forum and has commenced the Arbitration. Royal

Alliance, however, has never agreed, and is not required to arbitrate the Defendant's purported claims against it. Royal Alliance seeks a declaration of the parties' respective rights and obligations regarding this dispute.

27. Royal Alliance seeks a preliminary and permanent injunction enjoining and restraining Defendant and her agents from pursuing any claims against Royal Alliance in the Arbitration.

28. Royal Alliance also seeks a permanent mandatory injunction requiring Defendant to dismiss Royal Alliance from the Arbitration.

29. Immediate and irreparable harm will result if relief is not granted because Royal Alliance will be forced to participate in the Arbitration in order to preserve its rights even though it has no arbitration obligation to Defendant and has never agreed to arbitrate claims with Defendant. Royal Alliance has no adequate legal remedies to prevent this harm.

30. Injunctive relief poses no appreciable risk of undue prejudice to Defendant because it would not result in a holding as to liability and because Defendant's remedies against others would still be viable, should the Defendant choose to pursue any such claims.

**WHEREFORE**, Royal Alliance demands as follows:

31. That the Court declare that Royal Alliance is not obligated to submit to arbitration of the Defendant's claim against Royal Alliance;

32. That Defendant be preliminarily and permanently restrained and enjoined from pursuing her purported claims against Royal Alliance in the FINRA Dispute Resolution forum or in any other arbitration forum;

33. That Defendant be required to dismiss Royal Alliance from the Arbitration;

34. That Royal Alliance be awarded the costs and expenses incurred herein; and

35.  That the Court grant such other and further relief as it deems just and proper.

Dated: December 12, 2011    **DUANE MORRIS LLP**

/s/ Matt Neiderman
Matt Neiderman, Esq.
222 Delaware Avenue, Suite 1600
Wilmington DE, 19801-1659
Telephone (302) 657-4920
Fax: (302) 397-2543

*Attorneys for Plaintiff*